IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


EDMUND KEITH BRADSHAW,                              No. 03:11-cv-00779-HZ

                          Plaintiff,                              OPINION & ORDER

          v.

DENISE SITLER; RON ESALL,

                          Defendants.

Edmund K. Bradshaw, SID # 13922120
Oregon State Penitentiary
2605 State Street
Salem, OR 97310

          Plaintiff Pro Se

///

///

///


1 - OPINION & ORDER

John R. Kroger
Attorney General
Kristin A. Winges-Yanez
Assistant Attorney General
Department of Justice
1515 SW Fifth Ave., Suite 410
Portland, OR 97201

     Attorneys for Defendant

HERNANDEZ, District Judge:

     Defendants Denise Sitler and Ron Esall move for summary judgment against plaintiff Edmund Bradshaw's 42 U.S.C. § 1983 civil rights claims.  I grant the motion.

BACKGROUND

     In the operative Second Amended Complaint, plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), alleges a violation of the Fourteenth Amendment based on an assertion that he was denied a "heartship" transfer to Washington on account of his race.  Dkt. # 12.  On February 17, 2012, defendants moved for summary judgment and simultaneously moved to stay discovery.  Defendants asserted, *inter alia*, that plaintiff was treated no differently than any other inmate because the ODOC has not granted hardship transfers since the 1990s.  See ¶¶ 8-9 of Edsall Decl.

     On February 29, 2012, plaintiff moved to compel discovery.  On March 16, 2012, I denied defendants' motion to stay discovery and granted plaintiff's motion to compel in part, requiring defendants to produce a list of all the hardship moves by the ODOC for the past five years, including only the race of the inmate, within thirty days.  Dkt. # 49.  I also required plaintiff's response to the motion for summary judgment to be filed by May 15, 2012, sixty days from the March 16, 2012, order.  Id.  There have been no subsequent filings by plaintiff,

2 - OPINION & ORDER

including no response to defendants' motion for summary judgment.

STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Long v. City & Cnty. of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3 - OPINION & ORDER

DISCUSSION

Plaintiff's claim can be construed as one brought under the Equal Protection Clause of the Fourteenth Amendment, or as one alleging a violation of his due process rights. It is well established that the "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotation omitted). However, an inmate has no constitutionally protected liberty interest in being housed in a certain prison. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983) (no constitutional right to be held in a particular state); Meachum v. Fano, 427 U.S. 215, 225-26 (1976) (no constitutional right to be housed in a particular prison within a state). Because plaintiff has no liberty interest in his housing assignment, any claim under the Due Process Clause fails.

Even if no liberty interest is implicated, however, defendants may nonetheless violate an inmate's equal protection rights by treating the inmate differently from a similarly situated inmate based on race. See, e.g., DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000) (prison officials' actions, even if not directly implicating a liberty or property interest, may nonetheless be unconstitutional if based on discriminatory basis). Because plaintiff failed to respond to defendants' motion for summary judgment, the fact that the ODOC does not grant hardship transfers at all, as asserted by defendant, remains undisputed. Thus, plaintiff fails to show that similarly situated non-African American inmates are treated differently. As a consequence, defendants are entitled to summary judgment.

///

///

4 - OPINION & ORDER

CONCLUSION

Defendants' motion for summary judgment [42] is granted.

IT IS SO ORDERED.


Dated this __18th___ day of June, 2012


_/s/ Marco A. Hernandez_____
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER